IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CLAUDIA RIOS-QUIROZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-1168 |
| | ) | Chief Judge Campbell |
| WILLIAMSON COUNTY, TENNESSEE, | ) | Magistrate Judge Griffin |
| | ) | JURY DEMAND |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PERMISSION TO RELEASE DOCUMENTS AND OTHER MATERIALS**

Williamson County submits the following Memorandum of Law in support of its Motion for Permission to Release Documents and Other Materials, in which Williamson County seeks permission to disclose documents and other records related to individuals who were booked in the Williamson County Criminal Justice Center and who were the subject of a detainer issued by the United States Immigration and Customs Enforcement agency ("the Agency"). This action relates to the treatment by Defendant Williamson County of such individuals, and the documents and records in question are central to Williamson County's defenses.

Certain of the documents have previously been produced by Williamson County in response to public records requests from Plaintiffs. The Tennessee Public Records Act, Tenn. Code Ann 10-7-503, requires disclosure, and records of this nature are not exempted from disclosure under Tenn. Code Ann. 10-7-504, which lists exceptions to the open records requirement. After this litigation was filed, Defendant discovered that at least one court has interpreted 8 C.F.R. Section 236.6 as requiring that such information, even if in the possession of other entities, must remain under the sole control of the Agency and is not to be produced

without permission of such Agency.[1] Upon discovery of this interpretation, Defendant contacted legal counsel for the Agency and advised that certain information had previously been produced in response to a state public records request. (See Affidavit of Lee Ann Thompson, filed herewith). Counsel for the Agency advised that the particular information produced would likely have been provided by the Agency in any event due to the breadth of the Tennessee Open Records Act. However, out of an abundance of caution, Williamson County seeks an Order authorizing disclosure of any information in Defendant's possession related to the Plaintiffs. Without such order, the parties cannot meaningfully litigate the issues before the Court in this case. Plaintiffs' counsel has advised that Plaintiffs do not oppose this Motion.

Respectfully submitted,

/s/Lisa M. Carson_____
Lisa M. Carson, BPR# 14782
Lee Ann Thompson, BPR# 28040
**BUERGER, MOSELEY & CARSON, PLC**
*Attorneys for Defendant Williamson County, Tennessee*
306 Public Square
Franklin, TN 37064
Telephone: (615) 794-8850
Facsimile: (615) 790-8861

---

[1] See, e.g., *Cote v. Borders,* 2011 U.S. Dist. LEXIS 138008 (2011). The regulation states, in pertinent part, "No person, including any state or local government entity or any privately operated detention facility, that houses, maintains, provides services to, or otherwise holds any detainee on behalf of the Service (whether by contract or otherwise), and no other person who by virtue of any official or contractual relationship with such person obtains information relating to any detainee, shall disclose or otherwise permit to be made public the name of, or other information relating to, such detainee. Such information shall be under the control of the Service and shall be subject to public disclosure only pursuant to the provisions of applicable federal laws, regulations and executive orders. Insofar as any documents or other records contain such information, such documents shall not be public records. This section applies to all persons and information identified or described in it, regardless of when such persons obtained such information, and applies to all requests for public disclosure of such information, including requests that are the subject of proceedings pending as of April 17, 2002."

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been electronically delivered to Elliott Ozment and R. Andrew Free, Law Offices of Elliott Ozment, 1214 Murfreesboro Pike, Nashville, Tennessee 37217 on this the 23rd day of March, 2012.

                                              /s/Lisa M. Carson_____