IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLAUDIA RIOS-QUIROZ, *et al.*, ) | |
| ) | Case No. 3:11-cv-1168 |
| *Plaintiffs*, ) | Chief Judge Campbell |
| ) | Magistrate Griffin |
| v. ) | |
| ) | |
| WILLIAMSON COUNTY, TENNESSEE, ) | |
| ) | |
| *Defendants*. ) | |

### PLAINTIFFS' NOTICE OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR PERMISSION TO RELEASE DOCUMENTS AND OTHER MATERIALS

Come now the Plaintiffs, by and through their undersigned attorneys, and hereby submit this Notice of Non-Opposition to Defendant Williamson County's Motion for Permission to Release Documents and Other Materials. (Doc. Entry No. 12.) While Plaintiffs do not oppose Defendant's Motion, they respectfully submit the following statement and authorities to preserve the record in the unlikely event that ICE seeks to challenge this Court's ruling on Defendants' motion at some point in the future.

The plain language of the regulation in question – 8 C.F.R. § 236.6 – does not apply to this case. The operative language of the regulation is entirely in the present tense. Accordingly, the regulation's non-disclosure provisions only apply to inmates who are presently in custody. None of the Plaintiffs is presently in Williamson County custody pursuant to an ICE detainer. Therefore, the regulation is inapplicable.

Longstanding Supreme Court precedent requires that courts conducting statutory interpretation look to "choice of verb tense to ascertain a statute's temporal reach." *Carr v. United States*, 130 S. Ct. 2229, 2236 (2010). *See also United States v. Wilson*, 503 U.S. 329, 333 (1992) ("Congress' use of a verb tense is significant in construing statutes."); *Dole Food Co. v.*

1

*Patrickson,* 538 U.S. 468, 478 (2003) ("We think the plain text of this provision, because it is expressed in the present tense, requires that instrumentality status be determined at the time suit is filed."); *Ingalls Shipbuilding, Inc. v. Dir., Office of Workers' Comp. Programs*, 519 U.S. 248, 255 (1997) ("The use of the present tense (*i.e.*, 'enters') indicates that the 'person entitled to compensation' must be so entitled at the time of settlement."); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 56-61 (1987) (interpreting the present tense to refer to the present or future but not the past).

In addition to the Supreme Court's guidance on this subject, Congress made clear in the Dictionary Act that when courts interpret federal statutes, "the present tense generally does not include the past." 1 U.S.C. § 1 (2006). Most principles of statutory construction, including this one, apply equally to regulations. *See, e.g., Thompson v. United States,* 87 Fed. Cl. 728, 733 (2009) ("The court notes that the canons of statutory construction apply equally to regulations."); 1A Norman J. Singer & J.D. Shambie Singer, *Statutes and Statutory Construction* § 31:6 (7th ed. 2007) ("A regulation is a written instrument and the general rules of interpretation apply. When a regulation is legislative in character, rules of interpretation applicable to statutes should be used to determine its meaning.").

Finally, the regulatory history of 8 C.F.R. § 236.6 demonstrates that the agency intended its language to apply only to current inmates. *See generally* Grant Martinez, *Comment*: *Indefinite Detention of Immigration Information: Federal and State Overreaching in the Interpretation of 8 C.F.R. § 236.6*, 120 Yale L.J. 667, 670 (2010) (noting legacy-INS promulgated 8 C.F.R. § 236.6 as an emergency regulation in response to a New Jersey state court ruling in the wake of September 11, 2001 that ordered release of information regarding *current* inmates to the American Civil Liberties Union of New Jersey.).

Even if the regulation at issue could be read to cover the facts of this case, any order of this Court may suffer from ripeness defects because the agency has not threatened any enforcement of 8 C.F.R. § 236.6 in this case. *See* Aff. of Lee Ann Thompson (Doc. No. 12-2, ¶ 5). An issue is not "ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296 (1998).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs do not oppose an Order of this Court granting permission to Defendants to release to Plaintiffs documents and other materials relating to their detention in the Williamson County Jail in connection with ICE holds.

Date:   March 23, 2012          Respectfully submitted,

/s Elliott Ozment
Elliott Ozment (BPR # 4331)
/s R. Andrew Free
R. Andrew Free (BPR # 30513)
Law Offices of Elliott Ozment
1214 Murfreesboro Pike
Nashville, TN 37217
Phone: (615) 321-8888
Fax: (615) 321-5230
Elliott@ozmentlaw.com
afree@ozmetlaw.com

*Counsel for all Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been electronically delivered via this Court's ECF/CM system on this date to the following recipients:

    Lisa M. Carson
    BUERGER, MOSELEY & CARSON, PLC
    306 Public Square
    Franklin, TN 37064
    Telephone: (615) 794-8850
    Facsimile: (615) 790-8861

    Lee Ann Thompson
    BUERGER, MOSELEY & CARSON, PLC
    306 Public Square
    Franklin, TN 37064
    Telephone: (615) 794-8850
    Facsimile: (615) 790-8861

                                                 s/R. Andrew Free

4

Case 3:11-cv-01168   Document 13   Filed 03/23/12   Page 4 of 4 PageID #: 104