IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CLAUDIA RIOS-QUIROZ, et al.         )
                                    )
v.                                  ) NO. 3-11-1168
                                    ) JUDGE CAMPBELL
WILLIAMSON COUNTY, TN               )

MEMORANDUM

Pending before the Court are Defendant's Motion for Partial Summary Judgment (Docket No. 19), Plaintiffs' Motion for Partial Summary Judgment (Docket No. 24), and Plaintiffs' Motion for Leave to File Agency Policy Statements (Docket No. 30).

For the reasons stated herein, Defendant's Motion for Partial Summary Judgment (Docket No. 19) is GRANTED; Plaintiffs' Motion for Partial Summary Judgment (Docket No. 24) is DENIED; and Plaintiffs' Motion for Leave to File Agency Policy Statements (Docket No. 30) is DENIED.

FACTS[1]

All Plaintiffs voluntarily reported to the Williamson County Criminal Justice Center ("CJC") after each receiving a misdemeanor citation in lieu of custodial arrest. When Plaintiffs arrived at the Williamson County Sheriff's Office ("WCSO"), employees of the WCSO communicated with the United States Immigration and Customs Enforcement ("ICE") concerning the Plaintiffs.

ICE officials advised Defendant that ICE wished to take Plaintiffs into custody and transmitted to the WCSO a civil immigration detainer request form for each Plaintiff. Plaintiffs were

---

[1] The parties have stipulated, for purposes of these Motions, these facts (Docket Nos. 20 and 25).

not allowed to leave the CJC during the time beginning when ICE officials advised Williamson County personnel that they wished to take Plaintiffs into custody and ending when Williamson County personnel received the detainer forms from ICE. Plaintiffs were also not allowed to leave the CJC during the time between receipt of the ICE forms and ICE's assumption of custody.

Defendant did not afford Plaintiffs probable cause hearings or *Miranda* warnings, and bail was not set. Plaintiffs were not detained in the Williamson County Jail on any state charge but, rather, the detention was under the authority of an ICE determination to issue immigration detainers. Defendant did not offer Plaintiffs an opportunity to challenge their detention since their detention was pursuant to an ICE detainer.

The parties agree that state and local law enforcement officers do not have general authority to enforce violations of federal civil immigration law, although federal law specifically authorizes state officers to assist in immigration enforcement in defined circumstances. No Williamson County official has been trained or deputized as a federal immigration enforcement official pursuant to federal law.

WCSO personnel are not authorized by the federal government to conduct arrests or detentions solely on WCSO personnel's suspicion of federal immigration violations. Neither state nor local law authorizes WCSO personnel to make an independent determination to arrest or detain an individual for civil violations of federal law. Defendant does not have an agreement with ICE (pursuant to federal law) which would allow Defendant's officers to carry out functions of immigration officers in relation to the investigation, apprehension or detention of aliens in the U.S.

Plaintiffs filed this action as a purported class action and allege that Defendant's practice and custom of warrantless immigration arrests during their misdemeanor bookings violated Plaintiffs'

Fourth Amendment rights; that Defendant's practice and custom of depriving individuals of their liberty without an opportunity to challenge the deprivation violated Plaintiffs' Fourteenth Amendment rights; that Defendant's practice and custom of discrimination based on perceived national origin violated Plaintiffs' equal protection rights, in violation of the Fourteenth Amendment; that Defendant's actions violated the Supremacy Clause of the U.S. Constitution; and that Defendant falsely imprisoned Plaintiffs without legal justification. Docket No. 10.

The parties have filed cross-motions for partial summary judgment and agree that the sole legal issue for this Court at this time is whether a county or municipal law enforcement agency may honor an ICE detainer issued for an individual who has reported to the law enforcement agency solely for the purpose of completing the booking process related to a misdemeanor citation issued in lieu of custody.

The Court held a hearing on the pending Motions on July 26, 2012. On July 27, 2012, the Court invited the United States of America to state the position of the United States Immigration and Customs Enforcement regarding its interpretation of 8 C.F.R. § 287.7 in the context of the pending Motions herein. Docket No. 40. The United States declined the Court's invitation. Docket No. 41.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this

burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

DISCUSSION

Tennessee law provides that when a person is arrested, booked or confined for any period in a county or municipal jail, the county or municipal officials shall verify the citizenship status of that person, pursuant to a standardized written procedure, and report to the appropriate immigration and customs enforcement office any such persons who are in violation of the Immigration and Naturalization Act. Tenn. Code Ann. § 40-7-123.[2]

Defendant Williamson County asserts that it followed this state law procedure with regard to the Plaintiffs when Plaintiffs came voluntarily to the Williamson County Jail to be booked on

---

[2] This requirement does not apply to any county or municipality that has entered into and is operating under a memorandum of understanding with the U.S. Department of Homeland Security concerning enforcement of federal immigration laws. Tenn. Code Ann. § 40-1-123(c). Defendant Williamson County has not entered into such an agreement. Docket No. 22, ¶ 15.

state charges. Plaintiffs are not challenging the time period between the moment they came into the jail and the Defendant's call to ICE.

Federal regulations provide that "[A] detainer serves to advise another law enforcement agency that [ICE] seeks custody of an alien presently in the custody of that agency for the purpose of arresting and removing the alien." 8 C.F.R. § 287.7(a). The detainer is a "request" that the agency advise ICE, prior to the release of the alien, so that ICE can arrange to assume custody. *Id*.

Federal regulations also provide: "Upon a determination by [ICE] to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours,[3] excluding Saturdays, Sundays and holidays in order to permit assumption of custody by [ICE]." 8 C.F.R. § 287.7(d).

The essential dispute on the pending Motions is the interpretation of these regulations and whether the regulations require local authorities to detain subjects of ICE detainers. Subsection (a), by its terms, applies to aliens "presently in custody" of the local agency. Subsection (d), by its terms, applies to aliens "not otherwise detained."

Defendant claims that its detention of Plaintiffs after the booking process was pursuant to subsection (d), which Defendant argues is mandatory. Defendant argues that its actions were taken under the direction and supervision of the federal government. Defendant contends that it had no authority to make any unilateral determination (probable cause or otherwise) with regard to detaining Plaintiffs for federal immigration violations and that it was relying on ICE's determination and detainer with regard to its actions.

---

[3] For purposes of the pending Motions, there is no allegation that Plaintiffs were detained longer than 48 hours excluding Saturday and Sunday.

5

Plaintiffs contend that the regulation is not mandatory and that Defendant's choice to detain Plaintiffs after the booking process was without legal justification in violation of their Fourth and Fourteenth Amendment rights. Plaintiffs are challenging the time period between the moment the booking process stopped and the moment when ICE assumed custody of Plaintiffs.[4] Plaintiffs' counsel represented at the hearing that Plaintiffs are not challenging, for purposes of the pending Motions, the time before Defendant called ICE.

To establish municipal liability under Section 1983 for constitutional violations, Plaintiffs must establish that their harm was caused by a constitutional violation and that a policy or custom of the municipality was the "moving force" behind the deprivation of their rights. *Miller v. Sanilac County,* 606 F.3d 240, 255 (6th Cir. 2010); *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009). Municipalities are liable for harms resulting from a constitutional violation only when the injury resulted from an implementation of the municipality's official policies or established customs. *Id.*[5] Plaintiffs must also demonstrate a direct causal link between the policy and the alleged constitutional violation in order to show that the municipality's deliberate conduct can be deemed the "moving force" behind the violation. *Spears*, 589 F.3d at 256.

Plaintiffs allege that the unconstitutional "policy" which was the moving force behind the violations of their rights was Williamson County's practice of honoring the ICE detainer requests.

---

[4] That time period includes the time between the call to ICE and receipt of the ICE detainer and the time period between receipt of the ICE detainer and ICE's assumption of custody.

[5] There are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom: (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; and (4) a custom of tolerance or acquiescence of federal rights violations. *Spears*, 589 F.3d at 256.

Defendant argues that the moving force behind Plaintiffs' detention was the federal law which required them to detain Plaintiffs.

A federal court in Indiana has held that an ICE detainer is not a criminal warrant, but rather it is a voluntary request and local law enforcement may hold an individual pursuant to 8 C.F.R. § 287.7(d) "if it chooses to do so." *Buquer v. City of Indianapolis*, 797 F.Supp.2d 905, 911 (S.D. Ind. 2011). On the other hand, a district court in Pennsylvania recently held that § 287.7(d) "required" the local law enforcement agency to maintain custody of an individual identified as an alien. *Galarza v. Szalczyk*, 2012 WL 1080020 (E.D. Pa. March 30, 2012).

The Court finds that the regulation at issue here, 8 C.F.R. § 287.7, is ambiguous. Subsection (a) states that an ICE detainer is a "request." Subsection (d) provides that the local law enforcement agency "shall" maintain custody of the alien pursuant to an ICE detainer. The courts have not definitively resolved this issue, and the United States specifically declined the opportunity to state a position regarding ICE's interpretation of this regulation.

Plaintiffs argue that "shall" in subsection (d) should be read as "shall maintain the individual for no more than 48 hours," requiring that *if* the agency takes the person into custody, that custody shall last no longer than 48 hours. The Court disagrees. The subsection says "shall maintain," which indicates an obligation to maintain custody. For this reason, the Court finds that the regulation is mandatory.

Plaintiffs argue that if we read the regulation as mandatory, then the regulation itself is a violation of the Tenth Amendment because it requires the county to carry out a federal regulation

with no reimbursement.[6] That issue is not before the Court, however. Challenges to the regulation itself should be addressed to the federal government, which is not a party to this case. Similarly, Plaintiffs' complaint that ICE detainers require neither probable cause nor reasonable suspicion to issue is not a complaint addressed to Defendant. Such a complaint is properly made toward the federal government which promulgated the regulations and issued the ICE detainers.

Plaintiffs' Motion for Leave to File Agency Policy Statements (Docket No. 30) is DENIED because those statements fall outside the agreed scope of these cross-motions. The Joint Case Management Order (Docket No. 16) indicates that the parties agree that their cross motions for summary judgment shall be filed based solely on the pleadings and stipulations, with no additional affidavits or other evidence to be filed.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 19) is GRANTED; Plaintiffs' Motion for Summary Judgment (Docket No. 24) is DENIED; and Plaintiffs' Motion for Leave to File Agency Policy Statements (Docket No. 30) is DENIED.

This case is referred to the Magistrate Judge for further customized case management.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[6] The pertinent regulation, 8 C.F.R. § 2.87(e), provides that no detainer issued as a result of a determination issued thereunder shall incur any fiscal obligation on the part of ICE until actual assumption of custody by the federal government.

8